■ In the Matter of FLORENCE JEUNE, Petitioner, v ROBERT DOAR et al., Respondents. [806 NYS2d 230]—

Proceeding pursuant to article 78 to review a determination of the New York State Office of Temporary and Disability Assistance dated February 12, 2004, which, after a hearing, affirmed the denial of the petitioner's application for the payment of a housing allowance for reimbursement, inter alia, of a broker's fee and a security deposit.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

In September 2003 the petitioner, a recipient of public assistance, requested the assistance of the Human Resources Administration (hereinafter the HRA), in finding a new residence for her family. On or about October 15, 2003, the petitioner's case manager took her to see an available apartment, which the petitioner declined to accept. Thereafter, without first consulting the case manager, the petitioner, in an attempt to secure an apartment on her own, borrowed the sum of $4,650 from a friend to pay, inter alia, a broker's fee and a security deposit. Subsequently, the petitioner requested that the HRA provide her with a housing allowance for reimbursement, inter alia, of the broker's fee and security deposit so that she could repay the loan. The HRA denied the application and the denial was affirmed following a fair hearing. The petitioner subsequently commenced this CPLR article 78 proceeding to challenge the determination affirming the denial of the application.

As a threshold matter, the respondents contend that this proceeding is barred by Social Services Law § 106-b because the petitioner no longer receives public assistance payments and, thus, is not entitled to payment. Under these circumstances, where review is limited to the record made at the hearing, this contention is improperly raised for the first time on appeal (see Block v Magee, 146 AD2d 730, 732 [1989]).

In any event, the petitioner's application was properly denied. Pursuant to 18 NYCRR 352.6 (a) (2), "[a] security deposit and/or brokers' or finders' fees shall be provided only when an applicant or recipient is unable to obtain a suitable vacancy without payment of allowances." The record in this case reveals that the petitioner rejected such a suitable vacancy, and that, only as a consequence of that decision, incurred the additional expenses for which she has sought an allowance. Therefore, the petitioner's application was properly denied.

The petitioner's remaining contentions are without merit. Schmidt, J.P., S. Miller, Santucci and Spolzino, JJ., concur.